1  MEL M.C. COLE, Bar No. 293265
   mmcole@littler.com
2  AMIS PAN, Bar No. 322382
   apan@littler.com
3  LITTLER MENDELSON, P.C.
   333 Bush Street
4  34th Floor
   San Francisco, CA  94104
5  Telephone: 415.433.1940
   Facsimile:  415.399.8490
6
   Attorneys for Defendant
7  EXPRESS MESSENGER SYSTEMS, INC. DBA
   ONTRAC
8
9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 LAPHILL KNOX,                          Case No.

12              Plaintiff,                **DEFENDANT EXPRESS
                                          MESSENGER SYSTEMS, INC. DBA
13 v.                                     ONTRAC'S NOTICE TO OF
                                          REMOVAL TO FEDERAL COURT**
14
   EXPRESS MESSENGER SYSTEMS,             **[28 U.S.C. §§ 1332, 1441, 1446
15 INC. DBA ONTRAC, a Delaware            (diversity)]**
   corporation; and DOES 1 through 50,
16 inclusive,                             Complaint filed:  May 29, 2020
                                          (San Bernardino Superior Court Case No.
17              Defendant.                CIVD2009435)

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant EXPRESS MESSENGER SYSTEMS, INC. DBA ONTRAC ("OnTrac") hereby removes the matter of *Laphill Knox v. Express Messenger Systems, Inc. dba OnTrac et al.*, pending before the Superior Court of the State of California for the County of San Bernardino, Case No. CIVD2009453, to the United States District Court for the Central District of California (Eastern Division). Removal is proper based on complete diversity of citizenship between the parties.

In support of its Notice of Removal to Federal Court, OnTrac states the following:

**I.    STATEMENT OF JURISDICTION**

1.    This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a), and this action may be removed to this Court pursuant to 28 U.S.C. section 1441(b) because Plaintiff Laphill Knox ("Plaintiff") is a citizen of the State of California and OnTrac is a Delaware corporation with its principal place of business in the State of Arizona, and the amount in controversy in this action exceeds $75,000.

**II.    STATUS OF PLEADINGS, PROCESS AND ORDERS**

2.    On May 29, 2020, Plaintiff Laphill Knox commenced the action, entitled *Laphill Knox v. Express Messenger Systems, Inc. dba OnTrac, a Delaware limited liability corporation; and DOES 1 thorugh 50*, in the Superior Court of the State of California, County of San Bernardino, designated as Case No. CIVD2009453. *See* Declaration of Amis Pan ("Pan Decl.") ¶ 2, Ex. A (Complaint).

3.    On June 15, 2020, Plaintiff filed her First Amended Complaint. *See* Pan Decl. ¶ 3, Ex. B (First Amended Complaint).

4.    The First Amended Complaint asserts the following causes of action: (1) Disability Discrimination in Violation of the California Fair Employment

and Housing Act; (2) Failure to Take All Reasonable Steps Necessary to Prevent Disability Discrimination; (3) Retaliation; (4) Failure to Make a Reasonable Accommodation; (5) Failure to Engage in the Interactive Process; (6) Wrongful Termination in Violation of Public Policy; and (7) Intentional Infliction of Emotional Distress. *See* Pan Decl. ¶ 3, Ex. B.

5.     On July 9, 2020, Plaintiff served OnTrac with the Summons, Complaint, First Amended Complaint, Civil Case Cover Sheet, Certificate of Assignment, Notice of Trial Setting Conference, and the Alternative Dispute Resolution Packet. *See* Pan Decl. ¶ 4, Exs. C to G.

6.     On August 3, 2020, OnTrac filed its Answer to Plaintiff's First Amended Complaint. *See* Pan Decl. ¶ 5, Ex. H.

7.     Pursuant to 28 U.S.C. § 1446(a), the attached Exhibits A through H constitute all process, pleadings and orders served on OnTrac or filed or received by OnTrac in this action. Pan Decl. ¶¶ 2–4. To OnTrac's knowledge, no further process, pleadings, or orders related to this case have been filed and served by any party in the Superior Court of California, County of San Bernardino for this matter. Pan Decl. ¶ 5. To OnTrac's knowledge, no proceedings related hereto have been heard in the Superior Court of the State of California, County of San Bernardino. Pan Decl. ¶ 5.

## III.   VENUE

8.     The action was filed in the Superior Court of California, County of San Bernardino. Accordingly, venue properly lies in the United States District Court for the Central District of California (Eastern Division) pursuant to 28 U.S.C. §§ 84(c)(1), 1391, 1441 and 1446.

## IV.   TIMELINESS OF REMOVAL AND NOTICE

9.     An action may be removed from state court by filing a notice of removal together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

1    Here, Plaintiff served her Complaint on July 9, 2020.  Therefore, OnTrac can remove

2    this action up to and including Monday, August 10, 2020. *See* Fed. R. Civ. P. 6(a)(1)(c).

3          10.    This Notice of Removal is also timely because it is based on

4    diversity jurisdiction and filed within one year of the date the action was originally filed

5    on May 29, 2020.  28 U.S.C. § 1446(c).

6    **V.    DIVERSITY JURISDICTION**

7          11.    This Court has original jurisdiction over this civil suit pursuant to

8    diversity of citizenship jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  In defining diversity

9    of citizenship jurisdiction, Section 1332(a) provides:

10
11        The district court shall have original jurisdiction of all civil
          actions where the matter in controversy exceeds the sum or
          value of $75,000, exclusive of interest and costs, and is
12        between – (1) Citizens of different states . . .

13         **A.    Plaintiff is a Citizen of California.**

14          12.    Citizenship of a natural person is established by domicile.  *Kanter*

15   *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person's domicile is

16   established by physical presence and an intent to remain indefinitely.  *Id.* (citing *Lew v.*

17   *Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).  Allegations of residency in a state court

18   complaint can support a rebuttable presumption of domicile supporting diversity of

19   citizenship.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

20          13.    In her Complaint, Plaintiff alleges residency in California.  *See* Pan

21   Decl. ¶ 3, Ex. B (First Amended Complaint) (Plaintiff "is a female resident of the State

22   of California").  Accordingly, Plaintiff is a citizen of the state of California for purposes

23   of diversity jurisdiction analysis.

24         **B.    OnTrac is Not a Citizen of California.**

25          14.    For diversity purposes, a corporation "shall be deemed a citizen of

26   any State by which it has been incorporated and of the State where it has its principal

27   place of business."  28 U.S.C. § 1332(c)(1).  The principal place of business "should

28   normally be the place where the corporation maintains its headquarters—provided that

the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'" *Hertz v. Friend*, 559 U.S. 77, 93 (2010).

15. Here, OnTrac is presently, and was at the time of the commencement of this suit, a citizen of the state of Delaware as provided in 28 U.S.C. § 1332(c) because it was and is a corporation duly organized and validly existing under and pursuant to the laws of the state of Delaware. *See* Chase Decl., at ¶ 3. Plaintiff's Complaint expressly alleges that OnTrac is "a corporation organized and existing under the laws of the State of Delaware." *See* Pan Decl. ¶ 3, Ex. B.

16. Moreover, OnTrac's principal place of business is in Chandler, Arizona. OnTrac's corporate headquarters are located in Chandler, Arizona and its executive officers direct, control and coordinate the corporation's activities and executive functions from its corporate headquarters in Chandler, Arizona. *See* Chase Decl., at ¶ 4; *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Therefore, Arizona is OnTrac's principal place of business under the "nerve center" test.

**C.     Complete Diversity Exists As No Other Parties Have Been Identified.**

17. There are no other identified defendants. Defendants "Does 1 through 50" are wholly fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

18. Accordingly, after disregarding the non-served Doe defendants, and given that Plaintiff is citizen of California and OnTrac is a citizen of Delaware and Arizona, complete diversity of citizenship exists in this case.

## VI.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

19.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Evidentiary showing is only required "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

20.  For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint.  *Id.*

21.  By demonstrating that the actual amount in controversy exceeds the $75,000 threshold, OnTrac does not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

### A.  Compensatory Damages

22.  Plaintiff seeks "[c]ompensatory damages for [her] economic losses, deprivation of civil rights, humiliation, physical anguish, and mental and emotional distress." *See* Pan Decl. ¶ 3, Ex. B (First Amended Complaint).

### 1.  Lost Earnings

23.  For purposes of calculating the amount in controversy, OnTrac assumes "compensatory damages for [] economic losses" is Plaintiff's lost earnings.

24.  Plaintiff alleges she was terminated on December 14, 2018.  Pan Decl. ¶ 3, Ex. B.  At the time of her alleged termination, Plaintiff was earning $13.50. *See* Chase Decl., at ¶ 5.  Plaintiff was generally scheduled for approximately 25 hours per week. *Id.*

25.  There were approximately 87 workweeks between December 14, 2018, the date of Plaintiff's alleged termination, and the filing of this Notice of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Removal.   Assuming *arguendo* that Plaintiff can recover economic damages for disability discrimination for this time period, the amount of back pay in controversy for this period, not including any benefits, would total at least **$29,362.50** ($13.50 x 25 hours/week x 87 workweeks).

26.     In addition, to the extent Plaintiff seeks future damages or front pay as a result of the alleged wrongs by OnTrac, such awards in California often span several years.  *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks front pay damages of one year, the amount of future wages in controversy in this case would total at least an additional **$17,550** ($13.50 x 25 hours/week x 52 workweeks).

27.     Thus, it may reasonably be estimated that economic losses (i.e., back pay and front pay) alone totals at least **$46,912.50**.

## 2.     Emotional Distress

28.     Emotional distress damages may be considered in calculating the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

29.     Although OnTrac disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress.  *See, e.g.*, *Gardenhire v. Housing Authority of the City of Los Angeles*, 85 Cal. App. 4th 236, 240–241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (award of $30,000).

30.     In *Kroske*, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had

only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980.

31.     A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and a comparable or larger amount of lost wages is at issue. Thus, based on *Kroske* and other employment cases, the emotional distress component of Plaintiff's claims adds at least **$25,000** to the amount in controversy

32.     In short, accounting for economic losses and emotional distress damages alone, Plaintiff's compensatory damages could amount to **$71,912.50**.

### B.     Punitive and Exemplary Damages

33.     Plaintiff also seeks "[p]unitive and exemplary damages against DEFENDANTS on each cause of action as permitted by law." *See* Pan Decl. ¶ 3, Ex. B (First Amended Complaint).

34.     Punitive damages are included in calculating the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 2003).

35.     California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033 ("To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts."); *see Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719–720 (2009) (punitive damage award of $1,905,000 in a disability discrimination and wrongful termination matter); *Moore vs. JMK Golf LLC*, 25 Trials Digest 16th 15, 2013 WL 3149228 (Cal. Sup. Ct. 2013) ($150,000 punitive damage award in a FEHA pregnancy discrimination leave case); *Torres v. BE Aerospace, Inc.*, JVR No. 1606300035, 2016 WL 3552983 (Cal. Sup. Ct. 2013) ($7,000,000 punitive damage award in FEHA gender discrimination suit).

36.     A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  Even if the Court applies a modest one-to-one ratio of punitive damages to lost earnings in this case, Plaintiff's punitive damages would amount to **$46,912.50**.

### C.     Attorneys' Fees

37.     Plaintiff also seeks statutory attorneys' fees for her California Fair Employment and Housing Act ("FEHA") claims.  *See* Pan Decl. ¶ 3, Ex. B (First Amended Complaint).  Prevailing plaintiffs asserting claims under FEHA may recover attorneys' fees. *See* Gov't. Code §12965(b); Civ. Proc. Code §§1032, 1033.5(a)(10).

38.     Attorneys' fees recoverable by statute are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount of controversy where potentially recoverable by statute).   Courts may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail on his claims. *Id.* at 1155–56; *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (where an underlying statute authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy).

39.     Attorneys' fees awards in employment matters often exceed $75,000. *See, e.g.*, *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $891,042); *Akers v. County of San Diego*, 95 Cal. App.4th 1441 (2002) (lower court awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and discrimination case); *Hackmon v. City of Los Angeles*, 2001 WL 1860540 (Cal. Sup. Ct.) ($114,484 attorneys' fees awarded in discrimination case brought under the FEHA); *Kohn v. County of Los Angeles*, 2001 WL 1720226 (Cal. Sup. Ct.) (awarding $161,700 in attorneys' fees in FEHA discrimination case); *see also Simmons,* 209 F. Supp. 2d at 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual discrimination cases often exceed the damages)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

40.     In this case, attorneys' fees alone could easily reach or exceed **$75,000**.

41.     After compiling potential damages for lost earnings (**$46,912.50** or more), emotional distress damages (**$25,000** or more), punitive damages ((**$46,912.50** or more), and an award for Plaintiff's attorneys' fees (**$75,000** or more), it is more likely than not that Plaintiff could recover in excess of **$75,000** in this matter, if successful. Accordingly, OnTrac has carried the burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum

## VII.   NOTICE TO COURT AND PARTIES

42.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of San Bernardino.


Dated:   August 6, 2020


/s/ Amis Pan
MEL M.C. COLE
AMIS PAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
EXPRESS MESSENGER SYSTEM,
INC. DBA ONTRAC

4811-5208-8771.1 023721.1199

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10.