**EXHIBIT A**

| CASE ATTACHMENT COVER PAGE | (ENDORSED) **ELECTRONICALLY FILED** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO** | |
| STREET ADDRESS:**247 West Third Street** | BY SUPERIOR COURT |
| MAILING ADDRESS: | OF CALIFORNIA, COUNTY OF |
| CITY AND ZIP CODE: **San Bernardino, CA 92415** | **San Bernardino** |
| BRANCH NAME:**San Bernardino Justice Center** | on **May 29, 2020** |
| WEBSITE:**http://www.sb-court.org** | *CLERK OF THE SUPERIOR COURT* |
| ATTACHMENT NAME: **Complaint: COMPLAINT 1. Disability Discrimination in Violation of the California Fair Employment and Housing** | *Deputy Clerk:* Sabrina Jamison |
| CASE NAME: **Laphill Knox vs. Express Messenger Systems, Inc.** | CASE NUMBER: CIVDS2009453 |
| **Please log on to www.TurboCourt.com regularly for updates** | |

**Please staple this to your original attachment**

1 | **MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
2 | DEANNA S. LEIFER (SBN 265840)
ELLIE D. GORALNICK (SBN 326276)
3 | 1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
4 | Tel: (310) 531-1900
Facsimile: (310) 531-1901
5 |
Attorneys for Plaintiff Laphill Knox
6 |

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN BERNARDINO

10 |

11 | LAPHILL KNOX, an individual,

| CASE NO.

12 | Plaintiff,

| **COMPLAINT**

13 | vs.

| 1. **Disability Discrimination in Violation of the California Fair Employment and Housing Act**
14 | EXPRESS MESSENGER SYSTEMS, INC. DBA ONTRAC, a Delaware limited liability corporation; and DOES 1 through 50, inclusive,
| 2. **Failure to Take All Reasonable Steps Necessary to Prevent Disability Discrimination**
15 |
16 |
| 3. **Retaliation**
17 | Defendants.
| 4. **Failure to Make a Reasonable Accommodation**
18 |
| 5. **Failure to Engage in the Interactive Process**
19 |
| 6. **Wrongful Termination in Violation of Public Policy**
20 |
| 7. **Intentional Infliction of Emotional Distress**
21 |

22 |

| **DEMAND FOR JURY TRIAL**

23 |

24 |

25 |

26 |

27 |

28 |

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

COMPLAINT

## NATURE OF THE ACTION

1.      Plaintiff LAPHILL KNOX ("PLAINTIFF"), an individual, demanding a jury trial, brings this civil rights action against defendants EXPRESS MESSENGER SYSTEMS, INC. dba ONTRAC ("ONTRAC"), a Delaware corporation; and DOES 1 through 50 inclusive (collectively, "DEFENDANTS"), to remedy DEFENDANTS' employment practices and policies of disability discrimination, retaliation, failure to take all reasonable steps to prevent disability discrimination, failure to make a reasonable accommodation, failure to engage in the interactive process, wrongful termination, and other unlawful and tortious conduct. PLAINTIFF seeks compensatory damages, punitive damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction in this matter because PLAINTIFF is a resident of the State of California and DEFENDANTS are residents of, and/or regularly conduct business in, the State of California.  Further, no federal question is at issue because the claims are based solely on California law.

3.      Venue is proper in the County of San Bernardino, California because PLAINTIFF performed work for DEFENDANTS in the County of San Bernardino, and DEFENDANTS' unlawful actions and omissions, as set forth herein, occurred in the County of San Bernardino.

## PLAINTIFF

4.      PLAINTIFF is a female resident of the State of California who, at times material to this complaint, was employed by DEFENDANTS as an AM Sorter from approximately April 6, 2018 to approximately December 14, 2018.

## DEFENDANTS

5.      PLAINTIFF is informed and believes, and thereon alleges, that ONTRAC is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware.  PLAINTIFF is further informed and believes, and thereon alleges, that ONTRAC is authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, ONTRAC maintains offices and facilities and conducts business in the County of San Bernardino.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

COMPLAINT

6.      The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the events and occurrences referred to herein, and that PLAINTIFF's injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants.  All claims against DEFENDANTS are therefore also pled against DOES 1 through 50.  PLAINTIFF will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE defendants when ascertained.

7.      At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF.  PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this complaint, DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other and DOES 1 through 50.  Each defendant was completely dominated by his, her, or its co-defendant, and each was the alter ego of the other.

8.      PLAINTIFF is informed and believes, and thereon alleges, that each and every defendant was the authorized agent, principal, partner, joint venturer, guarantor, actual or ostensible, of the other DEFENDANTS and had full authority to perform the actions alleged herein, unless alleged otherwise.  Furthermore, each and every defendant was operating within the course and scope of its agency, or as a principal, partner, joint venturer, guarantor, actual or ostensible, relationship with the other DEFENDANTS during the course of events described herein, unless alleged otherwise.  To the extent that certain actions and omissions were perpetrated by certain DEFENDANTS, the remaining DEFENDANTS condoned, authorized, and ratified such acts and omissions.

9.      Whenever reference is made in this complaint to any act or failure by a defendant or DEFENDANTS, such allegations and reference shall also be deemed to mean the acts and failures of each defendant acting individually, jointly, and severally.  Whenever reference is made to individuals who are not named as PLAINTIFF or DEFENDANTS in this complaint, but who

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3

COMPLAINT

1    were employees or agents of DEFENDANTS, such individuals acted on behalf of

2    DEFENDANTS within the course and scope of their employment.

3            ·10.    PLAINTIFF is informed and believes, and thereon alleges, that at all relevant

4    times herein, DEFENDANTS, and/or their agents and employees, knew or reasonably should

5    have known that, unless they intervened to protect PLAINTIFF, and to adequately supervise,

6    prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of the employees of

7    DEFENDANTS, as set forth herein, the remaining DEFENDANTS and employees perceived the

8    acts and omissions as being ratified and condoned.

9            11.    PLAINTIFF has fully exhausted all applicable administrative remedies.    On

10    August 29, 2019, PLAINTIFF filed a complaint with the California Department of Fair

11    Employment and Housing ("DFEH") and the DFEH issued PLAINTIFF a Right to Sue notice.

12                                **STATEMENT OF FACTS**

13            12.    On or about April 6, 2018, PLAINTIFF commenced employment with ONTRAC

14    as a part-time AM Package Handler.    PLAINTIFF primarily worked from approximately 3:30

15    a.m. to 8:00 a.m. five days a week, although she would often work hours past 8 a.m. and

16    sometimes work over 8 hours a day.    PLAINTIFF's job duties primarily included lifting and

17    removing heavy packages off of a conveyor belt and sorting them based on their zip code.    Other

18    AM Package Handlers were tasked with unloading packages from the trucks, moving pallets,

19    scanning the packages, and sorting the light packages and mail.    On or about December 14, 2018,

20    DEFENDANTS wrongfully terminated PLAINTIFF's employment.

21            13.    On or around July 2018, as a result of the repeated lifting of heaving items off of

22    the conveyor belt at work, PLAINTIFF developed a cyst on her right wrist.    The cyst first

23    appeared as a small ball, about the size of a dime, under her skin.

24            14.    PLAINTIFF immediately informed her manager Juan (last name unknown) about

25    the cyst. Plaintiff explained to Juan that the cyst was causing her an immense amount of pain and

26    that it was specifically difficult to lift the heavier boxes.    PLAINTIFF requested that Juan

27    accommodate her disability by re-assigning her to the back of the warehouse where other Package

28    Handlers were assigned to sort light packages and mail.    Juan responded that the only employees

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4                                                                    COMPLAINT

1   assigned to sort the light packages and mail were those that were pregnant or had serious injuries.

2   On PLAINTIFF's information and belief, the employees assigned to sort the light packages and

3   mail were free of serious injuries and were not pregnant.

4       15.    Juan further informed PLAINTIFF that if she wanted to be reassigned to a

5   different area of the warehouse, she would need to obtain a doctor's note from ONTRAC's

6   approved physician.   Juan explained that a doctor's note from a physician of PLAINTIFF's

7   choosing would not be sufficient, as the injury had occurred at work.   Failing to take

8   PLAINTIFF's complaints and concerns seriously, Juan then ignored PLAINTIFF's request to

9   speak to ONTRAC's doctor and instructed PLAINTIFF to self-medicate with ice and Advil.

10  PLAINTIFF asked Juan if there was any sort of procedure she should follow after sustaining her

11  workplace injury, but he said there was not.

12      16.    After PLAINTIFF's initial complaint to Juan, DEFENDANTS began subjecting

13  PLAINTIFF to discrimination and retaliation.

14      17.    In the weeks that followed, PLAINTIFF complained nearly every day to either

15  Juan or Juan's manager, Jim Silva ("Mr. Silva"), that the repetitive heavy lifting was putting too

16  much pressure on her wrist, making it difficult to timely remove the heavy packages from the

17  conveyor belt.   PLAINITFF repeatedly requested less strenuous Package Handler duties and to be

18  connected with ONTRAC's physician.   DEFENDANTS ignored PLAINTIFF's complaints and

19  requests to see an ONTRAC approved physician, despite her being injured in the workplace.

20      18.    Despite PLAINTIFF's known disability, both Juan and Mr. Silva continuously

21  harassed PLAINTIFF with comments such as, "pick up the pace," "put more pressure on the other

22  arm," and "come on, you have another arm."

23      19.    On several occasions, when PLAINTIFF's pain was severe, Juan and Mr. Silva

24  yelled at PLAINTIFF, making comments such as "you are slowing down the speed, go home"

25  and "we don't need you." DEFENDANTS then sent PLAINTIFF home for the day without pay.

26      20.    In or around August 2018, approximately three weeks after PLAINIFF's initial

27  complaint and numerous requests to see an ONTRAC physician, Juan told PLAINTIFF to have a

28  phone consultation with one of ONTRAC's nurses. The nurse recommended PLAINTIFF utilize

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

5

COMPLAINT

1    a hot and cold treatment while at home and to purchase a brace that she could wear while at work.

2    The nurse further instructed PLAINTIFF that if the swelling did not subside in two weeks,

3    PLAINTIFF should schedule an in-person appointment with the doctor.  PLAINTIFF followed

4    the nurse's instructions accordingly.

5         21.    In the following two weeks, PLAINTIFF's cyst grew larger.  PLAINTIFF made an

6    appointment to meet with one of ONTRAC's doctors, Balbir K. Natt, MD ("Dr. Natt").  Upon

7    examining the cyst, Dr. Natt provided PLAINTIFF with a note stating that PLAINTIFF should be

8    placed on light duty and not lift anything over approximately 20 pounds.  Prior to receiving the

9    doctor's note, PLAINTIFF was required to lift packages upwards of 60 or 70 pounds.

10         22.    At no point did ONTRAC ever provide PLAINTIFF with paperwork to file a

11    workers compensation report.  Upon receipt of the note from Dr. Natt, PLAINITFF had to file a

12    worker's compensation claim on her own.

13         23.    Upon DEFENDANT's receipt of the doctor's note, Juan and Mr. Silva

14    immediately informed PLAINTIFF that she was being placed on unpaid leave because there were

15    no positions available for her.  PLAINTIFF responded that other Package Handler duties, such as

16    sorting the mail and light packages or scanning the packages as they came down the conveyor

17    belt, would be compliant with her doctor's note.  Juan and Mr. Silva ignored PLAINTIFF's

18    proposed accommodations and stated that they would call her when a position was available.

19         24.    After approximately two weeks of unpaid leave, Juan called PLAINTIFF and

20    instructed her to return to work.  When PLAINTIFF returned, Juan assigned her to a conveyor

21    belt, doing the same job that she had done prior to her leave.  While the packages on this

22    particular conveyor belt were smaller on average, many of the packages she was required to lift

23    ran counter to her doctor's light duty restrictions and were over 20 pounds.  While working on

24    this conveyor belt, PLAINTIFF complained to either Juan or Mr. Silva nearly every day that she

25    was in pain and needed to be moved to a position that complied with her doctor's note.  For

26    approximately three weeks, Juan and Mr. Silva ignored PLAINTIFF's complaints and told her to

27    take Advil, use her other hand, or try and find another employee to help her.

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6

COMPLAINT

25.    After approximately three weeks of working on the conveyor belt, Juan and Mr. Silva assigned PLAINTIFF to another area of the warehouse where she was instructed to use a pallet jack to move heavy pallets.  PLAINTIFF repeatedly complained that requiring her to lift the pallets conflicted with her doctor's note and that she needed to be moved.  DEFENDANTS again ignored PLAINTIFF's complaints.

26.    After approximately an additional two weeks of moving heavy pallets and ignoring PLAINTIFF's complaints, DEFENDANTS finally moved PLAINTIFF to the back of the warehouse to sort the mail and the light packages.  However, after being placed on light duty, DEFENDANTS' began cutting PLAINTIFF's hours.  On approximately five different occasions, DEFENDANTS sent PLAINTIFF home as soon as she had arrived at work on the grounds that her name was erroneously placed on the schedule, even though PLAINTIFF was hired to work five days a week.  Further, instead of allowing PLAINTIFF to work a full four and a half hour shift along with the rest of her coworkers, DEFENDANTS began sending PLAINTIFF home approximately two hours early.  When PLAINTIFF complained to Juan about the reduction in hours, Juan replied that she would just have to deal with it.

27.    While placed on light duty, PLAINTIFF was bullied and harassed by her coworkers who would make comments such as, "you don't belong there," "you're faking it," and "you need a 'plug' to work here."  One of PLAINTIFF's coworkers started a physical confrontation with PLAINTIFF.

28.    PLAINTIFF complained to Juan and Mr. Silva about the physical confrontation and the bullying, who responded that they would conduct an investigation.  However, PLAINTIFF is informed and believes that an investigation was never conducted.

29.    After approximately one month of being assigned to sort the light packages and mail, PLAINTIFF was moved back to work on the conveyor belt which required the movement of heavy packages, even though her work restrictions were still in effect.

30.    On or around October 2, 2018, after being moved back to the conveyor belt, PLAINTIFF sent an email to ONTRAC's Human Resources Department in which she complained about DEFENDANTS failure to accommodate the work restrictions in her doctor's

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7

COMPLAINT

1  note, the bullying and harassing comments to which she was subjected, and the retaliation in the
2  form of her hours being cut. PLAINTIFF never received a response to her email.

3      31.    On or around October 22, 2018, Mr. Silva called PLAINTIFF into his office and
4  issued her a letter entitled "Employee Final Warning Notice" for excessive tardiness and
5  absences. PLAINTIFF explained that she only missed work as a result of her injury, and no one
6  at ONTRAC had ever spoken to or disciplined her for tardiness or absences previously.  In
7  response, Mr. Silva told PLAINTIFF that she was being sent home for the remainder of the day.

8      32.    In or around November 2018, PLAINTIFF scheduled a meeting with ONTRAC's
9  Regional Human Resources Manager, Carlina Wix ("Ms. Wix").  During the meeting,
10  PLAINTIFF complained about DEFENDANTS' failure to accommodate her disability, failure to
11  abide by the work restrictions in her doctor's note, the harassment from her managers and
12  coworkers, and the retaliation she had experiencing.  PLAINTIFF again requested that she be
13  allowed to sort the light packages and mail again. Ms. Wix informed PLAINTIFF that she would
14  conduct an investigation and that she would speak to Juan and Mr. Silva about her current job
15  duties.  Towards the end of the meeting, Ms. Wix asked PLAINTIFF to sign an agreement
16  waiving her right to pursue legal action. PLAINTIFF refused to sign the agreement.

17      33.    Following this, PLAINTIFF again asked Juan and Mr. Silva if she could be moved
18  to the back of the warehouse to sort the light packages and mail. Juan and Mr. Silva responded
19  that she should be able to work in her current position.

20      34.    A few days later, Ms. Wix called PLAINTIFF into her office and informed her that
21  she was being placed on an unpaid administrative leave pending the investigation.  While on
22  leave, PLAINTIFF informed Ms. Wix that she had retained counsel and to direct all further
23  communications to her attorney.

24      35.    Approximately two weeks later, on or around December 14, 2018, PLAINTIFF
25  received a call from Ms. Wix who stated that PLAINTIFF was being terminated from her
26  employment with DEFENDANTS.  Ms. Wix did not provide a reason for PLAINTIFF's
27  termination.

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

COMPLAINT

36.     Accordingly, during the course of her employment with DEFENDANTS, PLAINTIFF was discriminated against because of her disability.  DEFENDANTS failed to accommodate PLAINTIFF's disability, despite being capable of doing so, and refused to abide by the work restrictions in her doctor's more.  DEFENDANTS further ignored PLAINTIFF's repeated attempts to engage in the interactive process.  After requesting accommodations for her disability, DEFENDANTS retaliated against PLAINTIFF for engaging in protected activity by harassing PLAINTIFF, reducing her hours, and then wrongfully terminating her employment. DEFENDANTS knew or should have known of these illegal employment practices and failed to take all reasonable steps necessary to prevent further harassment and discrimination against PLAINTIFF, which culminated in PLAINTIFF's wrongful termination.

37.     DEFENDANTS condoned and/or ratified the wrongful conduct of their employees, including Juan, Mr. Silva, and Ms. Wix, among others, as DEFENDANTS knew or should have known about the continuous pattern of discrimination and harassment against PLAINTIFF, yet DEFENDANTS failed to take all reasonable steps necessary to prevent, investigate, and/or correct the ongoing unlawful behavior, and failed to reprimand, terminate, or take any appropriate disciplinary action against their employees.

### INJURIES TO PLAINTIFF

38.     As a direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered, and continues to suffer, great mental and emotional anguish.  DEFENDANTS' abhorrent conduct has caused PLAINTIFF extreme physical and emotional distress, which has been detrimental to her health and which has jeopardized her recovery.  Additionally, PLAINTIFF has been humiliated and embarrassed as a result of the foregoing acts and omissions of DEFENDANTS.

39.     As a further direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered monetary damages and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

9

COMPLAINT

## FIRST CAUSE OF ACTION

**Disability Discrimination in Violation of the California Fair Employment and Housing Act**

**[Cal. Gov. Code § 12940(a)]**

**(Against all DEFENDANTS)**

40. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in Paragraphs 1 through 39.

41. At all times relevant herein, California Government Code § 12940 was in full force and effect and was binding on DEFENDANTS.

42. California Government Code § 12940 provides that "[i]t is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United Sates or the State of California: (a) [f]or an employer because of... physical disability, mental disability... to discriminate against the person in compensation or in terms, conditions, or privileges of employment...".

43. As set forth above, DEFENDANTS' acts and omissions constitute violations of California Government Code § 12940(a). PLAINTIFF has timely filed a complaint of disability discrimination against DEFENDANTS with the DFEH and has received a right-to-sue letter.

44. As set forth above, PLAINTIFF suffered from a disability: a cyst on her wrist from heavy lifting. PLAINTIFF's disability limited her ability in at least one of the major life activities: working. As described above, DEFENDANTS were aware of PLAINTIFF's disability.

45. At all relevant times herein, PLAINTIFF satisfactorily performed her job duties and responsibilities, and could have continued to satisfactorily perform the essential duties of her job with an effective accommodation that could have been agreed upon if DEFENDANTS had engaged in the interactive process, as required by law. Instead of engaging in the interactive process, DEFENDANTS discriminated against PLAINTIFF because of her disability and retaliated against PLAINTIFF because she requested reasonable accommodation for her disability.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

10

COMPLAINT

46.     PLAINTIFF believes, and thereon alleges, that her disability was the motivating factor in DEFENDANTS' wrongful employment actions and practices, including, but not limited to, the termination of her employment.    Such discrimination is in violation of California Government Code § 12940(a) and has resulted in damage and injury to PLAINTIFF as alleged herein.

47.     As a proximate result of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.    PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

48.     The unlawful acts, practices, and omissions of DEFENDANTS alleged herein were reckless, malicious, and willful, and caused great physical and emotional harm to PLAINTIFF.    Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter similar conduct in the future, in an amount according to proof at trial, together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

49.     Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF seeks an award of reasonable attorneys' fees and costs against DEFENDANTS pursuant to the California Fair Employment and Housing Act.

## SECOND CAUSE OF ACTION

**Failure to Take All Reasonable Steps Necessary to Prevent Disability Discrimination**

**[Cal. Gov. Code § 12940(k)]**

**(Against all DEFENDANTS)**

50.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 49.

51.     At all times relevant herein, California Government Code § 12940 was in full force and effect and was binding on DEFENDANTS.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

11

COMPLAINT

52.     California Government Code § 12940 provides that "[i]t is an unlawful employment practice . . . (k) [f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination…from occurring."

53.     As set forth above, DEFENDANTS' acts and omissions constitute violations of California Government Code § 12940(k).  DEFENDANTS failed to take all reasonable steps necessary to prevent disability discrimination from occurring.  PLAINTIFF has filed a complaint with the DFEH and has received a Right to Sue letter.

54.     By reason of DEFENDANTS' unlawful acts, practices and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

55.     DEFENDANTS engaged in the aforementioned unlawful acts, practices and omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful, oppressive and malicious conduct, acted with willful and conscious disregard of PLAINTIFF's rights, welfare and safety, and caused great physical and emotional harm to PLAINTIFF. Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter similar conduct in the future, in an amount according to proof at trial, together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

56.     Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF seeks an award of reasonable attorneys' fees and costs against DEFENDANTS pursuant to the California Fair Employment and Housing Act.

///

///

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

12

COMPLAINT

**THIRD CAUSE OF ACTION**

**Retaliation**

**[Cal. Gov. Code § 12940(h)]**

**(Against all DEFENDANTS)**

57.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in Paragraphs 1 through 56.

58.     At all times relevant herein, California Government Code § 12940 was in full force and effect and was binding on DEFENDANTS.

59.     California Government Code § 12940 provides that "[i]t is an unlawful employment practice . . . (h) [f]or any employer . . . or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this or because the person has filed a complaint, testified, or assisted in any proceeding under this part..."

60.     As set forth above, DEFENDANTS' acts and omissions constitute violations of California Government Code § 12940(h).  DEFENDANTS retaliated against PLAINTIFF after she requested accommodation for her disability.  DEFENDANTS further retaliated against PLAINTIFF after she filed a worker's compensation claim, and again after she retained counsel. Accordingly, DEFENDANTS retaliated against PLAINTIFF for engaging in protected activity. PLAINTIFF has filed a complaint with the DFEH and has received a Right to Sue letter.

61.     By reason of DEFENDANTS's unlawful acts, practices and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

62.     DEFENDANTS engaged in the aforementioned unlawful acts, practices and omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful, oppressive and malicious conduct, acted with willful and conscious disregard of PLAINTIFF's rights, welfare and safety, and caused great physical and emotional harm to PLAINTIFF.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

13                                    COMPLAINT

1   Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to punish DEFENDANTS

2   and to serve as an example to deter similar conduct in the future, in an amount according to proof

3   at trial, together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or

4   any other applicable provision providing for prejudgment interest.

5          63.     Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF

6   seeks an award of reasonable attorneys' fees and costs against DEFENDANTS pursuant to the

7   California Fair Employment and Housing Act.

8                              **FOURTH CAUSE OF ACTION**

9                         **Failure to Make a Reasonable Accommodation**

10                              **[Cal. Gov. Code § 12940(m)]**

11                              **(Against all DEFENDANTS)**

12         64.     PLAINTIFF incorporates herein by specific reference as though fully set forth the

13  allegations in paragraphs 1 through 63.

14         65.     At all times relevant herein, California Government Code § 12940 was in full

15  force and effect and was binding on DEFENDANTS.

16         66.     California Government Code § 12940(m) provides that "[i]t is an unlawful

17  employment practice, unless based upon a bona fide occupational qualification, or, except where

18  based upon applicable security regulations established by the United States or the State of

19  California: (m) [f]or an employer or other entity covered by this part to fail to make reasonable

20  accommodation for the known physical or mental disability of an applicant or employee . . ."

21         67.     As set forth above, DEFENDANTS's acts and omissions constitute violations of

22  California Government Code § 12940(m).  DEFENDANTS had knowledge of PLAINTIFF's

23  disability and failed to make a reasonable accommodation.  PLAINTIFF has filed a complaint

24  with the DFEH and has received a Right to Sue letter.

25         68.     By reason of DEFENDANTS' unlawful acts, practices and omissions,

26  PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and

27  emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

14                                                    COMPLAINT

1    damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287,

2    3288, and/or any other applicable provision providing for prejudgment interest.

3        69.    DEFENDANTS engaged in the aforementioned unlawful acts, practices and

4    omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful,

5    oppressive and malicious conduct, acted with willful and conscious disregard of PLAINTIFF's

6    rights, welfare and safety, and caused great physical and emotional harm to PLAINTIFF.

7    Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to punish DEFENDANTS

8    and to serve as an example to deter similar conduct in the future, in an amount according to proof

9    at trial, together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or

10   any other applicable provision providing for prejudgment interest.

11       70.    Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF

12   seeks an award of reasonable attorneys' fees and costs against DEFENDANTS pursuant to the

13   California Fair Employment and Housing Act.

**FIFTH CAUSE OF ACTION**

**Failure to Engage in the Interactive Process**

**[Cal. Gov. Code § 12940(n)]**

**(Against all DEFENDANTS)**

18       71.    PLAINTIFF incorporates herein by specific reference as though fully set forth the

19   allegations in paragraphs 1 through 70.

20       72.    At all times relevant herein, California Government Code § 12940 was in full

21   force and effect and was binding on DEFENDANTS.

22       73.    California Government Code § 12940(n) provides that "[i]t is an unlawful

23   employment practice . . . (n) [f]or an employer or other entity covered by this part to fail to

24   engage in a timely, good faith, interactive process with the employee or applicant to determine

25   effective reasonable accommodations, if any, to a request for reasonable accommodation by an

26   employee or applicant with a known physical or mental disability or known medical condition."

27       74.    As set forth above, DEFENDANTS' acts and omissions constitute violations of

28   California Government Code § 12940(n).  DEFENDANTS failed to engage in the interactive

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

15

COMPLAINT

1    process for PLAINTIFF's disability.  PLAINTIFF has filed a complaint with the DFEH and has

2    received a Right to Sue letter.

3          75.    By reason of DEFENDANTS' unlawful acts, practices and omissions,

4    PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and

5    emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as

6    damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287,

7    3288, and/or any other applicable provision providing for prejudgment interest.

8          76.    DEFENDANTS engaged in the aforementioned unlawful acts, practices and

9    omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful,

10   oppressive and malicious conduct, acted with willful and conscious disregard of PLAINTIFF's

11   rights, welfare and safety, and caused great physical and emotional harm to PLAINTIFF.

12   Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to punish DEFENDANTS

13   and to serve as an example to deter similar conduct in the future, in an amount according to proof

14   at trial, together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or

15   any other applicable provision providing for prejudgment interest.

16         77.    Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF

17   seeks an award of reasonable attorneys' fees and costs against DEFENDANTS pursuant to the

18   California Fair Employment and Housing Act.

19                              **SIXTH CAUSE OF ACTION**

20                 **Wrongful Termination in Violation of Public Policy**

21                          **(Against all DEFENDANTS)**

22         78.    PLAINTIFF incorporates herein by specific reference as though fully set forth the

23   allegations in paragraphs 1 through 77.

24         79.    At all times relevant in this action, Article 1, Section 8 of the California

25   Constitution and the California Fair Employment and Housing Act were in full force and effect,

26   and were binding on DEFENDANTS. Article I, Section 8 of the Constitution, the California Fair

27   Employment and Housing Act, and the public policy of the State of California based thereupon

28   prohibit defendants from committing acts of discrimination, retaliation, and termination based

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

16

COMPLAINT

upon engagement in a protected activity, including, but not limited to, making complaints about an employer's unlawful behavior such as discrimination, seeking reasonable accommodation, and engaging in the interactive process.

80.     Each of the aforementioned statutes embodies a fundamental and well-established public policy in the State of California.

81.     PLAINTIFF believes, and thereon alleges, that making known her physical disability and requesting reasonable accommodation was or were factors in DEFENDANTS' conduct as set forth above, including but not limited to the termination of PLAINTIFF's employment. Accordingly, PLAINTIFF was subject to working conditions by DEFENDANTS that violated public policy.

82.     As a proximate result of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial. PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288 and/or any other applicable provision providing for prejudgment interest.

83.     By engaging in the aforementioned unlawful acts, practices, and omissions, and by ratifying such acts, practices, and omissions, DEFENDANTS' conduct intended to cause injury to PLAINTIFF was reckless, malicious, and despicable, and was carried on with a conscious and willful disregard of the rights and safety of others. Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter DEFENDANTS from similar conduct in the future, in an amount according to proof at trial, together with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288 and/or any other applicable provision providing for prejudgment interest.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against all DEFENDANTS)

84.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 83.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

17                                                    COMPLAINT

85.     By committing the outrageous and malicious acts and omissions complained of herein, DEFENDANTS knew, or should have known, that their conduct would result in PLAINTIFF's severe emotional distress. Moreover, DEFENDANTS' acts and omissions were perpetrated with the intent of inflicting humiliation, mental anguish, and severe emotional distress upon PLAINTIFF.

86.     As a direct and proximate result of DEFENANTS' unlawful acts, practices and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable provision for prejudgment interest.

87.     The unlawful acts, practices, and omissions of DEFENDANTS alleged herein were intentional, reckless, and willful and caused great physical and emotional harm to PLAINTIFF.  Therefore, an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter them from similar conduct in the future, should be made.  PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays for relief against DEFENDANTS as follows:

1.     Order the following award of damages against DEFENDANTS:

A.     Compensatory damages for PLAINTIFF's economic losses, deprivation of civil rights, humiliation, physical anguish, and mental and emotional distress.

B.     Punitive and exemplary damages against DEFENDANTS on each cause of action as permitted by law.

2.     Permanently enjoin DEFENDANTS and its agents, employees, successors, and all persons in active conduct or participation with DEFENDANTS, from engaging in discriminatory and retaliatory employment practices.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

18

COMPLAINT

3.    Enter a declaratory judgment that the acts and practices of DEFENDANTS and its agents and employees as set forth herein violate the foregoing provisions of law.

4.    Direct DEFENDANTS to take such affirmative steps as may be necessary and appropriate to correct the effect of their past unlawful acts and practices.

5.    Interest accrued to date pursuant to Civil Code §§ 3287, 3288, and/or other applicable provisions providing for prejudgment interest.

6.    Award PLAINTIFF the costs and expenses of this action including reasonable attorneys' fees and costs pursuant to FEHA, California Government Code section 12965, and all other applicable laws and statutes providing for attorneys' fees and costs.

7.    Enter such other further relief to which PLAINTIFF may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

///

///

DATED: May 13, 2020                    Respectfully submitted,

                                       **MATERN LAW GROUP, PC**


                              By:      _____
                                       MATTHEW J. MATERN
                                       DEANNA S. LEIFER
                                       ELLIE D. GORALNICK
                                       Attorneys for Plaintiff LAPHILL KNOX

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

19                                  COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3   ///

4   ///

5  DATED: May 13, 2020            Respectfully submitted,

6                             **MATERN LAW GROUP, PC**

7

8                   By:

9                            MATTHEW J. MATERN

10                          DEANNA S. LEIFER
ELLIE D. GORALNICK
Attorneys for Plaintiff LAPHILL KNOX

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

20

COMPLAINT